### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **TED ROBERTS,** | **Case No. CIV 05-472-S-EJL/MHW** |
| **Plaintiff,** | |
| **vs.** | ORDER ON REPORT AND RECOMMENDATION |
| **FEARLESS FARRIS SERVICE STATIONS, INC., an Idaho Corporation; THE FEARLESS FARRIS SERVICE STATION, INC. DEFERRED COMPEN- SATION PLAN, FARRIS S. LIND, KENT F. LIND, H. KENT JOHNSON, CHARLEY JONES, and SHAWN DAVIS, individually and as Present or Former Administrators and Fiduciaries of the Fearless Farris Service Stations, Inc.** | |
| **Defendants.** | |

On August 6, 2007, United States Magistrate Judge Mikel H. Williams issued his Report and Recommendation in this matter.  Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation.  On August 23, 2007, Defendants Shawn Davis, Charley Jones, Fearless Farris Stations, Inc. And Fearless Farris Service Station, Inc. Deferred Compensation Plan ("Fearless Farris Defendants") filed their objection and on that same date Defendants Farris Lind, Kent Lind

**ORDER ON REPORT AND RECOMMENDATION** - 1

and H. Kent Johnson, ("Defendants Linds and Johnson") filed their objection.  Plaintiff Ted Roberts filed his response to the objections on September 5, 2007.

Pursuant to 28 U.S.C. § 636(b)(1), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

In the Report and Recommendation, Magistrate Judge Williams recommends Defendants Linds and Johnson's Motion for Summary Judgment (Docket No. 32) be denied; Fearless Farris Defendants' Motion for Summary Judgment (Docket No. 37) be denied; Defendants' Motion to Strike Portions of Affidavits (Docket No. 62) be granted in part and denied in part; and Fearless Farris Defendants' Motion to Strike Demand for Jury Trial (Docket No. 36) be found moot.

Defendants object to the failure to recommend the granting of summary judgment in their favor.  Defendants Linds and Johnson (former owners) argue that their liability ended when they sold the company and that under the terms of the plan Plaintiff is not eligible. Fearless Farris Defendants (current owners) argue that regardless of whether the plan is a "top hat" or "non top hat" plan, the Plaintiff is not entitled to benefits as the plan was terminated, Plaintiff did not meet the plan's requirements as he did not retire as an employee of Fearless Farris Service Station, Inc. and based on his age his benefits would be zero. Plaintiff responded to the objections arguing the determination of whether the plan is or is not a "top hat" plan is critical to the substantive provisions that apply to the plan and whether the fiduciaries of the plan breached their duties.  The Plaintiff further argues the language of

**ORDER ON REPORT AND RECOMMENDATION** - 2

the plan creates a vested right even if an employee does not work for the company when he retires.

The Court adopts as its own summary the factual background set forth in the Report and Recommendation issued by Judge Williams.  See Report and Recommendation, pp. 2-9, Docket No. 74.

In reviewing the record in this matter, the Court respectfully disagrees with Defendants' argument that it is not relevant whether or not the plan is a "top hat" plan. Fearless Farris Defendants clearly set forth their position that the plan is a "top hat" plan in the background information of their memorandum in support of the motion for summary judgment.  See Docket No. 37-2.  Plaintiff has set forth in his response to the motions for summary judgment as well as in his objections the reasons he believes the plan at issue would not qualify as a "top hat" plan.  It is undisputed that the requirements regarding vesting, funding, and fiduciary duties for a "top hat" plan differ significantly from a "non top hat" plan.  Simply put, a "top hat" plan is exempt from the bulk of ERISA's substantive requirements.  There are three requirements for a "top hat" plan:  (1) it must be unfunded; (2) it must be maintained primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees; and (3) its members must be sufficiently well-positioned and informed to negotiate an agreement that protects their own interests."  See 29 U.S.C. § § 1051(2), 1081(a)(3), 1101(a)(10); see also Guiragoss v. Khoury, 444 F. Supp. 2d 649, 658-59 (E.D. Va. 2006).   All three of these requirements are disputed by the parties in the case at bar.  Accordingly, the Court agrees with Judge Williams

**ORDER ON REPORT AND RECOMMENDATION** - 3

that genuine issues of material fact exist as to the type of plan at issue in this case.  The Court intends to have this be the first issue addressed by the parties during the bench trial.

As to Defendants Linds and Johnson's objection that their liability ceased when they sold the business, the Court finds genuine issues of material fact exist to prevent summary judgment.  The Linds and Johnson do not appear to dispute that they were fiduciaries for the plan when they owned the company.  Depending on whether or not the plan was a "top hat" plan, impacts the scope and nature of the fiduciary duties owed to the plan participants.  After the Court determines the duties owed, then the Court will be able to determine if these duties were or were not breached and whether the liability of the former owners ceased when they sold the company.  Therefore, the objections of Defendants Linds and Johnson are denied.

As to Fearless Farris Defendants objection that regardless of the type of plan and whether or not the termination of the plan was proper the Plaintiff does not qualify for benefits, the Court finds genuine issues of material fact exist that prevent summary judgment from being granted.  There were a number of memorandum that described the plan over the years between the 1980s and 1995.  The parties dispute the intent of the employer in setting up the plan, the interpretation of the specific language used in the documents, whether or not the plan was a "funded" or "unfunded" plan, whether or not the new owners could terminate the plan, and the application of the plan to Plaintiff's specific situation of being terminated from employment at age 48 after the plan had been terminated by the employer.  All of these factual disputes and legal issues need to be resolved by the Court after weighing the credibility of the witnesses and considering all of the evidence presented to determine if the

**ORDER ON REPORT AND RECOMMENDATION** - 4

Plaintiff is entitled to any benefits under the plan and if he is eligible, the amount of such benefits.

Because the Court finds the report and recommendation of Judge Williams to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams.  Acting on the recommendation of Judge Williams, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1) Defendants Linds and Johnson's Motion for Summary Judgment (Docket No. 32) is denied.

2) Fearless Farris Defendants' Motion for Summary Judgment (Docket No. 37) is denied.

3) Defendants' Motion to Strike Portions of Affidavits (Docket No. 62) is granted in part and denied in part, however this Court does modify the magistrate judge's ruling and finds Exhibit 7 to the Affidavit of Robert C. Huntley is not stricken as it was an exhibit to the Stock Asset and Purchase Agreement and can be properly considered by the Court.

4) Fearless Farris Defendants' Motion to Strike Demand for Jury Trial (Docket No. 36) is moot.  The Court's staff attorney was advised by Judge Williams' staff attorney that this issue was conceded by Plaintiff during oral argument before Judge Williams.  The bench trial in this matter will be set for Tuesday, October 30, 2007 at 9:30 a.m. at the Federal Courthouse in Boise, Idaho.  The Court notes that the Scheduling Order entered in this case refers to trial briefs being filed by the parties.  The Court hereby amends the Scheduling

**ORDER ON REPORT AND RECOMMENDATION** - 5

Order to require proposed findings of fact and conclusions of law to be filed fourteen (14) days before the trial date instead of trial briefs since this matter is a bench trial and not a jury trial.  The proposed findings of fact and conclusions of law should also be emailed to the Court's email address (ejl_orders@id.uscourts.gov) in wordperfect format.  The parties shall attach an index directing the Court's attention to the evidence that will support the proposed findings or conclusions of law.  A stipulation on all non-contested issues should accompany these documents.

The Court expects findings of fact and conclusions of law to fully address all of the relevant issues including whether or not the plan is a "top hat" plan.  Plaintiff's request to file a summary judgment motion on this issue is denied as the Court finds such a motion would be untimely and the matter can just as easily be handled as part of the bench trial.

5) Plaintiff is ordered to file a bill of particulars within fourteen (14) days of the date of this Order setting forth the specific provisions of ERISA Plaintiff alleges were violated as they relate to the relief Plaintiff seeks.

DATED:  **September 12, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ON REPORT AND RECOMMENDATION** - 6